IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TYRONE EUGENE GEORGE, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-17 |
| | § | |
| MARK JONES, *et al*, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

The Plaintiff, Tyrone George, filed this action under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated. In September of 2016, the Court twice attempted to mail an order to George (Dkt. 22 and Dkt. 23). The order was returned as undeliverable both times. Because a search for George on the Texas Department of Criminal Justice website yields nothing, the Court assumes that he has been released from prison. George has not contacted the Court in any way in over two years.

Parties, including those proceeding *pro se*, bear the burden of advising the Court of address changes. *See* Southern District of Texas Local Rule 83.4. As the Fifth Circuit has succinctly phrased it:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.

*Perkins v. King*, No. 84-3310, at p. 4 (5th Cir. May 19, 1985) (slip op.).

The failure to inform the Court of an address change can result in the dismissal of an action for want of prosecution. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). George's failure to give the Court his new address for a period of two years leads the Court to conclude that George either is not exercising due diligence to prosecute this case or no longer wishes to pursue it. Moreover, any sanction short of dismissal would be futile at this point because there is no way to correspond with George to tell him about it. *Id.*

The Court may dismiss this action for want of prosecution under the inherent powers necessarily vested in a district court to manage its own affairs—FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)—and it will now do so.

This case is **DISMISSED** without prejudice for want of prosecution. This is a **FINAL JUDGMENT**.

It is so **ORDERED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ___October 24___, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE